# Commonwealth, ex rel., Appellant, *v.* Smail.

*Justice of the peace—Transaction of official business out of district—Quo warranto—Equity.*

A justice of the peace who opens an office and transacts official business outside of the borough for which he was elected, may be restrained by injunction from so doing, but a quo warranto does not lie against him to oust him from office.

Argued Oct. 11, 1912. Appeal, No. 174, Oct. T., 1912, by plaintiff, from judgment of C. P. Westmoreland Co., Feb. T., 1911, No. 696, on verdict for defendant in case of Commonwealth, ex rel., W. Irwin Hunter v. James B. Smail. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Quo warranto against a justice of the peace.

At the trial the court gave binding instructions for defendant, and a verdict was returned for the defendant.

On a motion by plaintiff for judgment n. o. v.   DOTY, P. J., filed the following opinion:

A clear understanding of the facts will do much to simplify and perhaps solve this case. The relator was duly elected a justice of the peace in the Borough of Greensburg; was commissioned by the governor and has an office in the Second ward of said borough. The defendant was duly elected a justice of the peace in the adjoining borough of Southwest Greensburg. The evidence on the part of plaintiff shows that the defendant has an office on Main street in the Borough of Greensburg; that he transacts official business there and accepts fees for such service.

This defendant has no legal right to have an office or to act as a justice of the peace in the Borough of Greensburg. The law requires that during his continuance in office a justice of the peace shall keep his office in the ward, borough or township for which he shall have been elected.

As such violation of law is a direct injury to the relator, he has good ground of complaint and the law must afford some remedy. A bill to enjoin the defendant will lie, as it is the province of equity to restrain any act contrary to law and prejudicial to the rights of individuals in every case where the law fails to furnish an adequate remedy.

It is contended that equity will not lie because the law furnishes a complete remedy by information in the nature of quo warranto. Such contention can not be sustained by reason or authority. Quo warranto is the specific remedy to try the title to an office, and it is exclusive of all remedies for that purpose. The manifest purpose of this proceeding, however, is not to oust the defendant from his office of justice of the peace but to restrain him from keeping an office and doing the acts of a justice in the Borough of Greensburg contrary to law. The suggestion avers that the defendant was duly elected and commissioned a justice of the peace, but that he unlawfully exercises the functions of such office to the damage of the relator.

The Act of June 14, 1836, P. L. 621, at first reading seems to be comprehensive enough to embrace this case. But the uniform construction of the act shows that it has no application to the facts before the court. In Hagner v. Heyberger, 7 W. & S. 104, an injunction was refused because the sole question involved was "whether the defendant can now legally hold and exercise the office of school director." And SERGEANT, J., in the opinion points out the distinction in the two remedies as follows: "An injunction would seem to be a writ adapted to control and regulate officers in the discharge of their functions, when they are confessedly such, rather than to try their right to hold and exercise their offices." So in Graeff v. Felix, 200 Pa. 137, a bill was dismissed because the gravamen was that the commissioners who authorized an alleged illegal expenditure of public money were no longer legally in office. The above cases are relied on

by plaintiff, but the principle declared really justifies the action which the court has taken in this case.

The case of Cleaver v. Com., 34 Pa. 283, gives a clear construction of the Act of 1836 and points out when it is the appropriate remedy. The act provides that quo warranto may issue in certain cases.

1. In case any person shall usurp, intrude into or unlawfully hold or exercise any county or township office within the respective county.

2. In case any person, duly elected or appointed to any such office, shall have done, suffered or omitted to do any act, matter or thing, whereby a forfeiture of his office shall by law be created.

Cleaver v. Com., 34 Pa. 283, held that "the first clause provides for the case of a person, not de jure an officer, usurping or intruding into, or unlawfully holding or exercising such office. The second clause provides for the case of a de jure officer who has done, suffered or omitted to do anything by which a forfeiture of his office has by law been created.......The words in the first clause apply only to a person who is not an officer." The defendant is de jure a justice of the peace and he is not, therefore, within the first clause just cited and it is not alleged that he has done anything which requires the forfeiture of his office. The only allegation is that defendant being a de jure justice of the peace crossed the imaginary line which separates the two boroughs and opened an office contrary to law. It is very clear that under the facts in this case there could be no judgment of ouster or forfeiture. And the only judgment authorized by such act in the event of a defendant being adjudged guilty is that "the court shall give judgment that such defendant be ousted and altogether excluded from such office."

In a careful opinion by DANA, J., in Morrison v. Stuart, 6 Luz. Leg. Reg. 89, with facts very similar to the case in hand it is held that an injunction will lie because the question is not as to the right to hold an

office but the manner and place of the exercise of his office by the defendant. And in People v. Whitcomb, 55 Ill. 172, the same doctrine is held wherein it is declared that "the writ of quo warranto is generally employed to try the right of a person who claims to an office, not whether his official acts should be confined to a particular locality."

It seems plain that the plaintiff has mistaken his remedy; that proper relief can not be afforded in this proceeding and that the verdict for defendant is justified.

And now, May 6th, 1912, after due consideration motion for judgment non obstante veredicto is denied, and judgment on the verdict.

*Error assigned* was refusal of motion by plaintiff for judgment n. o. v.

*H. H. Fisher,* with him *Jay R. Speigel,* for appellant. —For an intrusion and usurpation such as exists in this case, the remedy by law by writ of quo warranto is not only adequate but exclusive: Updegraff v. Crans, 47 Pa. 103; Gilroy's App., 100 Pa. 5; Goldsworthy v. Boyle, 175 Pa. 246; Bower v. Kantner, 190 Pa. 182; Graeff v. Felix, 200 Pa. 137; Com. v. Reno, 25 Pa. C. C. R. 442; Com. v. Hough, 22 Pa. C. C. R. 440; Com. v. Brunner, 6 Pa. C. C. R. 323; Murphy's Contested Election, 22 Pa. C. C. R. 29; Hagner v. Heyberger, 7 W. & S. 104.

*Denna C. Ogden,* with him *John B. Keenan,* for appellee, cited: Cleaver v. Com., 34 Pa. 283; Morrison v. Stuart, 6 Luz. Leg. Reg. 89.

PER CURIAM, January 6, 1913:

The opinion of the learned judge of the Common Pleas fully sustains the conclusion reached and on it the judgment is affirmed.