# CHARLESTON.

STATE v. GEORGE HINES

(No. 5373)

Submitted October 13, 1925. .Decided December 1, 1925.

CRIMINAL LAW—INTOXICATING LIQUORS—*Except When Exercis-
ing Powers of Justice of Another District, Search Warrant
Issued by Justice of the Peace While Outside His District
is Invalid; Evidence Obtained by Search Warrant Issued
by Justice of the Peace Outside His District Held Inad-
missible.*

Except when exercising the powers of a justice of another
district, under Section 3, Chapter 50, Code, a search warrant
issued, under Section 9, Chapter 32-*a*, Code, by a justice of
the peace while outside the district for which he was elected.
returnable before himself, is invalid, and evidence thereby ob-
tained is inadmissible on prosecution of the owner or occu-
pant of the premises searched for alleged violation of the
prohibition law.

(Criminal Law, 16 C. J. § 1110; Intoxicating Liquors, 33 C.
J. § 375; Searches and Seizures, 35 Cyc. p. 1266.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Error to Circuit Court, Preston County.

George Hines was convicted of a violation of the Prohi-
bition Law, and he brings error.

*Reversed and remanded.*

*Gibson & Mattingly,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,*
Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant, George W. Hines, a justice of the peace,
prosecutes error to the judgment of the circuit court upon
a verdict of conviction against him, imposing a sentence of
ninety days in jail and $100.00 fine for alleged violation of
the prohibition law.

Acting under a search warrant, issued by M. C. Bowermaster, a justice of the peace of Kingwood District, Preston county, E. T. Larue, constable, and John E. Copeman, sheriff, searched the premises of the defendant in his absence and there found buried in a garden near a mill house which he occupied and used as an office for the transaction of his official duties as a justice of the peace, four one-gallon jars of wine. Upon his arrest therefor the defendant denied knowledge of the buried wine, but volunteered to the arresting officer that there was in the mill building a small quantity of wine which had been left with him some months before. On being taken to the mill, defendant pointed out to the constable and sheriff a jar covered with dust, containing a small quantity of wine different from that found in the garden. In his testimony the defendant further denied knowledge of the hidden wine and stated that the wine in the mill had been delivered to him as a justice of the peace by Sam Johnson, who formerly lived in the community, as evidence of a violation of the liquor law by another.

A number of grounds of error are assigned for reversal. In our view of the case, however, we need consider only one. Justice Bowermaster was outside of his district at the time he issued the search warrant, returnable before himself, and for that reason it is contended the warrant is invalid and the wine and evidence thereof was improperly admitted upon the trial.

A justice cannot sit without his district in the trial of cases. *Newlon* v. *Wade*, 43 W. Va. 283, 27 S. E. 244; *Stanton-Belmont Co.* v. *Case*, 47 W. Va. 779, 35 S. E. 851; *Johnson* v. *Hunter*, 50 W. Va. 52, 40 S. E. 448. The reasons given in those cases for requiring the justice to exercise his judicial functions within the limits of the district for which he was elected are equally applicable in this case. As indicative of such limitation, Section 27 of Article VIII of the Constitution provides that every justice shall reside in the district for which he was elected. While a justice is authorized by the first several sections of Chapter 50, Code, to administer oaths and take acknowledgements, depositions and affidavits within the county, there are only two cases in

which he may exercise judicial functions without his district. Under Section 2 he may issue a summons requiring the defendant to appear before a justice of another district in the same county, if the suit be cognizable by the latter; and under Section 3 he may be called to exercise the powers of a justice when the resident justice is under disability to act in the case before him.

In *Stanton-Belmont Co.* v. *Case,* it is said that a justice "may send his summons to any part of his county, requiring the defendant to appear before him at his office in the district of his residence, as provided in Section 26 of Chapter 50; but by Section 2 he is clearly inhibited by implication from making his summons returnable before himself without his district, and he would not be competent to try a case on such a summons. The statute means to protect, to that extent at least, the rights of the justices elected in their respective districts. The object of electing justices in the several districts is for the convenience of the people,—to bring justice to their doors, and that they may not without good reason be compelled to go to a remote part of the county to defend their rights in suits that may be brought against them. Judicial powers of a justice are purely statutory and he cannot go beyond the limits they prescribe".

Referring with approval to *Stanton-Belmont Co.* v. *Case,* the opinion in *Johnson* v. *Hunter* states: "The reason assigned in the opinion for that decision is that the justice had no jurisdiction or power to act outside of his district, except under provisions of the statute, expressly authorizing him so to do, such as the administering of oaths, the taking of acknowledgments, depositions and affidavits, and sitting in the trial of causes outside of his district, when expressly authorized so to do".

In keeping with the cases cited, *Ex Parte James Watson,* 82 W. Va. 201, holds that while the mayor of a municipality, as *ex-officio* justice of the peace, has jurisdiction of criminal offenses committed within the boundaries of the county, he must perform his duties, when acting as a justice, within the corporate limits of the city, town or village.

Under a statute requiring a justice to keep his office in the ward, borough or township for which he shall have been elected, it is held in *Commonwealth ex rel Hunter* v. *Small,* 238 Pa. St. 106, 85 Atl. 1088, 1914-A Ann. Cas. 326, that he cannot act in any other ward, borough or township.

Even a circuit judge, or chancellor, is without power to act beyond the territorial limits of his district, unless specially authorized by statute.

The search warrant being invalid, the evidence thereby obtained was improperly admitted against the defendant. For this reason the judgment must be reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Reversed and remanded.*