Loewen, Appellant, *v.* Shapiro.

Argued May 27, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD and JONES, JJ.

*John McI. Smith,* with him *James H. Stewart, Jr., Nauman, Smith, Shissler & Hall* and *Lutz, Fronefield, Warner & Bryant,* for appellants.

*Stephen B. Narin,* Deputy Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee, Secretary of the Department of Welfare of Pennsylvania.

*Edward A. Collins, Jr.,* with him *Warren W. Holmes,* for appellee, The General State Authority.

OPINION BY MR. JUSTICE ARNOLD, June 28, 1957:

The plaintiffs, who are husband and wife and residents of Delaware County, brought this action in equity against the Secretary of the Department of Welfare, and The General State Authority, the latter a body corporate of the Commonwealth organized under the Act of March 31, 1949, P. L. 372, 71 PS §1707.1 et seq. They seek to restrain defendants from acquisition of land in Delaware County and erection thereon of a mental hospital, all of which was being done under authority of the Act of August 19, 1953, P. L. 1152 (Special Act, not reported in Purdon's). Defendants having interposed preliminary objections, the court below entered judgment in favor of defendants.

The complaint sought equitable relief in the plaintiffs' capacities as (a) citizens of Delaware County and the Commonwealth, and (b) as taxpayers of the Commonwealth. Generally, it alleged that the Authority

had made a choice of a site in Delaware County and that defendants have not complied with the Act under which it presumed to do so.

The averments of non-compliance with the statute are, in the main, inadequately pleaded, and the remainder are irrelevant. It is clear from the whole of the complaint that the averments of damage are not based on the *manner* in which the site was chosen, but on the choice itself. As citizens, the plaintiffs cannot so complain. They attempt to convert the fact of taking or choice of land into a special injury; but the rights they seek to protect are not within the protection of an equity action. The provisions of the Act having been complied with,—and there are no specific averments of fact to the contrary,—plaintiffs cannot succeed in this action. They averred that defendants failed to obtain *formal* approval of the site from the Governor; that the General State Authority abused its discretion through having consulted and obtained the cooperation of the Secretary of Welfare in determining choice of site; and that because the first site chosen had been abandoned, a second site could not be chosen thereafter. First, there is no averment that the site was not acceptable to the Governor; and second, there is no requirement that the Governor's approval be by formal action. In addition, the General State Authority, in its investigation and determination of a site, must, of necessity, seek out all sources helpful to it in determining the most acceptable site. We cannot say that the averments of improper procedure are sufficient to sustain the complaint. At most the plaintiffs have merely denied that proper procedure was followed, and have not averred any matter to substantiate their claim.

If there is a taking by the General State Authority, the remedy of plaintiffs is by proper action to assess damages for such taking: *Gardner v. Allegheny Coun-*

*ty,* 382 Pa. 88, 114 A. 2d 491. The alleged injuries are not of a direct and special nature such as to give plaintiffs, in their own right as citizens, any standing to enjoin the actions of defendants. The cases cited by plaintiffs,—*Commonwealth v. Smail,* 238 Pa. 106, 85 A. 1088, and *Western Pennsylvania Hospital v. Lichliter,* 340 Pa. 382, 17 A. 2d 206,—are distinguishable. In each there was a special and direct injury to the plaintiff, separate and apart from any possible injury to the public. Moreover, in the latter case, there was also an exercise of powers not granted, rather than an alleged improper exercise of powers admittedly possessed.

Plaintiffs allege in general terms that defendants' acts "will increase the tax burdens of citizens and taxpayers of the Commonwealth," and that these "unlawful acts" will impose an increased tax burden on plaintiffs to their irreparable injury and to the irreparable injury of other taxpayers. It will be noted that these averments are in general terms and will not sustain their right to maintain a taxpayer's action.

A taxpayer's complaint in equity is essentially a class action, and can be filed only in the interests of all taxpayers, to prevent wrongful expenditures of tax monies and the wasting of assets. The instant proceeding is not taken for such purposes, but primarily to compel defendants to choose a site elsewhere and not in close proximity to plaintiffs. As taxpayers, the plaintiffs have no standing because they aver no pecuniary loss to themselves: *Regan v. Stoddard,* 361 Pa. 469, 474, 65 A. 2d 240. They are not taxpayers into the particular fund from which the monies will be expended, i.e., the State Authority, whose monies are derived from issuance of its own bonds and not from tax monies of the Commonwealth. Thus there will be no invasion of the taxpayers' pecuniary interest. No ap-

614

propriation bill was passed to provide monies for the purposes sought to be restrained, nor can the acquisition of the land and construction of the hospital be undertaken by use of funds other than those of the State Authority.

In all respects, the complaint shows only a dissatisfaction with the choice of a site in close proximity to the plaintiffs' lands; but if they are harmed by the taking, their only remedy is for damages in condemnation proceedings.

Decree affirmed; costs to be paid by appellants.

DISSENTING OPINION BY MR. JUSTICE BELL AND MR. JUSTICE BENJAMIN R. JONES:

Mr. Justice BELL and Mr. Justice BENJAMIN R. JONES dissent from that portion of the opinion which holds that plaintiffs have no legal standing to maintain the present bill in equity or to complain of defendants' actions.