**FRANK MASHUDA COMPANY, a partnership, and Frank Mashuda, Stanley Mashuda, Bernie Mashuda, and Josephine Mashuda, Partners, Plaintiffs,**

v.

**COUNTY OF ALLEGHENY and Martin W. Wise, Inc., Defendants.**

Civ. A. 15743.

United States District Court
W. D. Pennsylvania.

Sept. 27, 1957.

Harold R. Schmidt, of Rose, Rose & Houston, Pittsburgh, Pa., for plaintiffs.

Nathaniel K. Beck, County Solicitor and Maurice Louik, Asst. County Solicitor, Pittsburgh, Pa., for County of Allegheny.

Carl Brandt, of Brandt, Riester, Brandt & Malone, Pittsburgh, Pa., for Martin W. Wise, Inc.

GOURLEY, Chief Judge.

This matter comes before the court on motion of the political subdivision of Allegheny County, Pennsylvania, to dismiss a complaint challenging the validity and constitutionality of a condemnation proceeding relative to property situate in Allegheny County, Pennsylvania, but owned by residents of the State of Wisconsin.

The issue posed may be thus stated:

Where diversity of citizenship exists between the owners of property condemned by a political subdivision in the Commonwealth of Pennsylvania, and no proceeding has been filed in the state jurisdiction to question the validity of the condemnation proceeding, does the United States District Court have legal authority to consider the validity of the condemnation proceeding and award damages, or in the alternative enjoin the political subdivision from proceeding in the state jurisdiction?

In view of plaintiffs' demand for judgment of ouster and damages, and/or for injunctive relief to be effectuated by reconveyance of the situs to which the County of Allegheny has acquired title, the relief demanded necessarily entails the use of the equity powers of this court. The Supreme Court of Pennsylvania has enunciated the doctrine that the remedy of a person who is damaged by the exercise of a governmental authority of the power of eminent domain is an action to assess damages for such taking; an action in equity to enjoin the taking cannot be maintained and cannot be prosecuted in the equity branch of the court. Loewen v. Shapiro, 389 Pa. 610, 133 A.2d 525; Creasy v. Lawler, 389 Pa. 635, 133 A.2d 178.

In addition, it is significant to note that, upon a most exhaustive review of the authorities, neither counsel nor the court has found legal precedent in the United States District Court for the granting of injunctive relief where the matter involved was pending in state court proceedings. The authorities, to the contrary, have held that where condemnation proceedings are pending in a state court, the United States District Court will refuse to enjoin such proceedings. Baber v. Texas Utilities Co., 5 Cir., 228 F.2d 665; Collins v. Laclede Gas Co., 8 Cir., 237 F.2d 633.

I am satisfied that although diversity of citizenship exists between the parties, grounding jurisdiction in this court, nevertheless the United States District Court should not interfere with the administration of the affairs of a political subdivision acting under color of State law in a condemnation proceeding. I cannot but help so conclude, especially where in the instant proceeding no action has been taken in the state jurisdiction to question the validity of the state condemnation proceeding. I must give emphasis to the disinclination of federal authority to interfere in state matters until state remedies have been exhausted.

An appropriate order is entered.