## Yoder, Appellant, *v.* Luzerne Township School District.

426

Argued March 17, 1960. Before Jones, C. J., Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*David E. Cohen,* with him *Joseph W. Ray, Jr.,* and *Ray, Buck & John,* for appellant.

*Samuel J. Feigus,* for appellee.

Opinion by Mr. Justice Benjamin R. Jones, May 4, 1960:

This appeal is from an order of the Court of Common Pleas of Fayette County in an assumpsit action wherein the court sustained appellee's preliminary objections and dismissed appellant's complaint.

C. S. Yoder, the appellant, instituted an assumpsit action against the Luzerne Township School District, Fayette County, to recover for work done and materials and supplies furnished in connection with the paving of certain school house playgrounds of the School District.

Yoder, a contractor, was the low bidder for such work and, on June 10, 1952, entered into a contract with the School District for 4379 square yards of 6″ base, the contract price being $29,882.45. The contract provided that no extra work was to be done unless ordered in writing. Without complying with the provisions of the Public School Code respecting advertisement and without the benefit of a resolution of the School Board, the area surfaced by Yoder was increased to 10,240 square yards and the base changed from a 6″ to a 4″ base. These changes were made pursuant to oral directions of the school directors who, singly or in groups, visited the job sites from time to time.

Yoder's original bid was $29,882.45. The final bill which he tendered to the School District was in the amount of $61,370 reduced by a credit for the use of 4″ instead of 6″ base, the net bill being $44,174.60. Yoder has already been paid $29,174.60 and now seeks to recover the balance of $15,000.

The School District filed preliminary objections to the complaint upon the grounds that (1) the facts alleged in the complaint did not set forth a contract for the extra work upon which the claim was based, and (2) the facts in the complaint disclosed that the extra work was not done in conformity with the provisions of the Public School Code of 1949, P. L. 30, and amendments thereto which require a public advertisement for bids for such contracts as well as formal corporate action thereon.

The trial court sustained the preliminary objections and dismissed the complaint with leave to Yoder to amend within twenty days. Yoder, rather than amend his complaint, appealed to this Court.

The Act of March 10, 1949, P. L. 30, Art. V, §508, 24 PS §5-508 reads in part as follows: "The affirmative vote of a majority of all the members of the board of school directors in every school district, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects: . . . Entering into contracts of any kind, including contracts for the purchase of fuel or any supplies, where the amount involved exceeds one hundred dollars ($100). . . . Failure to comply with the provisions of this section shall render such acts of the board of school directors void and unenforcible."

The Act of March 10, 1949, P. L. 30, Art. VII, §751, as amended, 24 PS §7-751, provides as follows: "(a) All construction, reconstruction, repairs, or work of any nature, including the introduction of plumbing, heating, ventilating, or lighting systems, upon any school building or upon any school property, made by any school district, where the entire cost, value, or amount of such construction, reconstruction, repairs, or work, including labor and material, shall exceed one thousand dollars ($1,000), shall be done under a contract or contracts to be entered into by such school district with the lowest responsible bidder, upon proper terms, after due public notice has been given asking for competitive bids. The board of school directors shall, in its discretion, have prepared by an architect, engineer or other person preparing the specifications, separate specifications for construction, plumbing, heating and ventilating, and electrical work, or specifications covering all of the work of the building or project. The school district shall advertise for proposals on plans and specifications for the project de-

termined to be undertaken and for bids covering the plans and specifications for the facilities, repairs or improvements intended to be contracted for. The board of school directors may receive separate bids on each of the branches of work or combinations thereof or a single bid on all the work. The board of school directors shall award the contract or contracts to the lowest responsible bidder or bidders: Provided, that if due to an emergency a school plant or any part thereof becomes unusable competitive bids for repairs or replacement may be solicited from at least three responsible bidders, and upon the approval of any of these bids by the State Superintendent of Public Instruction, the board of school directors may proceed at once to make the necessary repairs or replacements in accordance with the terms of said approved bid or bids."

These sections are mandatory, not directory. Similar provisions in other statutes have been uniformly construed as mandatory: *Chester School District Audit,* 301 Pa. 203, 151 A. 801; *Summit Hill School Directors,* 258 Pa. 575, 580, 102 A. 278; *Schuck v. School District of Baldwin Township et al.,* 296 Pa. 408, 411, 146 A. 24; *Philadelphia Company v. City of Pittsburgh,* 253 Pa. 147, 152, 97 A. 1083. This Court said in *Commonwealth v. Zang,* 142 Pa. Superior Ct. 566, 571, 16 A. 2d 741: ". . . The purpose and public policy behind these provisions of the School Code are to protect the school district from any possible collusion and dishonesty, and to insure that where material or supplies . . . are purchased they will be obtained at the best possible price. See Commonwealth v. Rosser et al., 102 Pa. Superior Ct. 78, 86, 156 A. 751. To permit contracts to be entered into and expenditures made without compliance with the provisions of the act would defeat every object the Legislature had in mind in inserting them. Summit Hill School Directors, supra, p. 580." " 'The infirmities of human nature, the natural

disposition to favor friends, personal and political, and the various motives which influence public officers to depart from a strict and rigid adherence to the obligations that rest upon them as representing the public, make it important that they should be held strictly within the limits of the powers conferred upon them.' " *Smith v. City of Philadelphia*, 227 Pa. 423, 76 A. 221.

In *Luzerne Township v. County of Fayette*, 330 Pa. 247, 251, 199 A. 327, we said: "All contracts by county commissioners involving an expenditure exceeding $100 must be in writing: Act of June 27, 1895, P. L. 403, sec. 10 as amended . . . and embodied in the General County Law of May 2, 1929, P. L. 1278, sec 348. This provision of the law is not merely directory, but mandatory, and a contract which does not comply with it imposes no liability upon the county. Where a statute prescribes the formal mode of making public contracts it must be observed; otherwise they cannot be enforced against the governmental agency involved: [citing cases]."

Were it not for the Act of July 27, 1953, P. L. 606, §1, 24 PS §337(c), Yoder's complaint would have been subject to dismissal upon preliminary objections in the nature of a demurrer for failure to comply with the above cited provisions of the Public School Code. In order to establish a valid contractual claim upon the facts that Yoder has asserted in his complaint, he must rely upon the Act of 1953, cited above, which in certain specified instances, gives a person the right to recover on school district contracts defective because of a failure to comply with certain provisions of the Public School Code. This Act provides: "When any board of school directors has heretofore contracted for labor, materials and supplies for the school district, the purchase of which by contract is authorized under the provisions of the school laws of the Commonwealth, and the board of school directors has actually received the labor, materials and supplies and they are being

used by the school district, if the contract does not evidence any fraud or conspiracy to violate the provisions of the school laws of the Commonwealth and the school district has not suffered any pecuniary loss as the result of the contract, then the contract shall be valid and binding on the school district and payment for the labor, materials and supplies by the school district is hereby authorized, or if payment has been made, it is hereby ratified, notwithstanding the fact that the contract was legally void by reason of the failure to advertise for bids or by reason of defect in the advertising, or by reason of any other defect in compliance with, or in the failure or omission to comply with, the school laws of this Commonwealth regulating the award of contracts for labor, materials and supplies. No board of school directors nor any member thereof shall be surcharged for any payment made on any such contract."

The purpose of this statute is to afford a legal remedy to persons in Yoder's status, but only under certain conditions clearly and specifically enumerated in the statute. To take advantage of the provisions of this statute, a person, such as Yoder, must plead all of the facts necessary to bring him within its terms, i.e., he must allege as the court below stated: (1) the existence of a contract; (2) that the subject-matter of the contract was within the authority of the School Board had it proceeded in the manner prescribed by law; (3) that the labor, materials and supplies were actually furnished and are being used; (4) that there was no evidence of fraud or conspiracy to violate the school code; (5) that the school district has not suffered as the result of the contract.

Yoder fails to plead either that there is no evidence of fraud or conspiracy or that the school district has not suffered as a result of the contract. Yoder contends that, because the burden of proof follows the

burden of pleading, if he so pleads he will then have the burden of establishing that there is no evidence of fraud or conspiracy to violate the school code and that the school district has not suffered any loss as the result of the contract. This burden should not prove insurmountable.

Because of Yoder's failure to properly plead himself within the terms of the statute, the trial court properly dismissed Yoder's complaint.

Order affirmed.