## Hyde, Appellant, *v.* Pittsburgh Zoning Board of Adjustment.

416

Argued March 13, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Kennedy Smith*, with him *Baker, Watts & Woods*, for appellants.

*Frederick A. Boehm*, Assistant City Solicitor, with him *J. Howard Devlin*, Assistant City Solicitor, and *David Stahl*, City Solicitor, for zoning board of adjustment, appellee.

*David E. Seidelson*, with him *Benjamin R. Rothman*, and *Rothman, Gordon and Foreman*, for intervenor, appellee.

OPINION BY MR. JUSTICE COHEN, April 17, 1961:

Town Development, Inc. (Town) purchased a triangular plot of land by deeds of 1954 and 1956 for the purpose of building commercial offices and storage rooms. Although the area is now zoned residential by the 1958 Pittsburgh city zoning code, numerous commercial activities developed in the area under prior zoning classifications. From 1954 until May of 1957, Town proceeded to effectuate its plan for the use of the land by eliminating a portion of a street which ran through the property, by having surveys and construction plans made, and by filling and grading. On April 29, 1957 a building permit was issued by the City of Pittsburgh to Town. Appellants, adjoining landowners, appealed the grant of the permit to the board of adjustment which board dismissed the appeal. Appellants then filed an appeal with the County Court of Allegheny County which appeal was neither prosecuted nor discontinued. Town, the intervenor—appellee in this case, renewed its permit three times since April 1957. In November 1958, the superintendent of the bureau of building inspection advised Town that a prior revocation of its permit by a subordinate inspector was ineffectual because substantial work had been begun and that Town had until December 15, 1958 to perform further substantial work lest the permit lapse under the six month lapsing provision of section 220 of the building code.

Appellants appealed this reinstatement to the board of adjustment. Both the board and, subsequently, the County Court of Allegheny County sustained the permit. It is from this adverse decision that appellants come to this court.

The issue on appeal is whether section 3003-1 of the Zoning Ordinance of the City of Pittsburgh (No. 192), approved May 10, 1958, provides for the continuance of the permit here involved. That section states that

any permit for a structure or a use issued under the prior ordinance and not in conformity with the provisions of the new ordinance is valid so long as "substantial construction or substantial establishment under such permit has been effected, or a contract for construction has been let."

It was determined by the court below on de novo review of the facts that the requirements of "substantial construction," "substantial establishment" or "contract for construction let" under section 3003-1 had been met and at no time had progress been delayed for more than six months in violation of section 220 of the Building Code of 1947. The lower court's findings of fact are substantiated by the following evidence:

The permit originally was granted April 29, 1957; on May 6, 1957 a contract was made with A. J. Construction Company in the amount of $4,500; on September 13 and 16, 1957 layouts of the warehouse were prepared by another contractor; on April 1, 1958 a contract was consummated with Joseph Capuano for $20,500 worth of masonry work; in April and May of 1958, A. J. Construction Company performed drainage work for the warehouse; on May 8, 1958, further layouts were prepared; prior to May 10, 1958 a construction office and material storage shed were installed on the land; on December 12, 1958, $457.50 worth of excavation work was performed; and also in December 1958, A. J. Construction Company excavated on the land pursuant to the aforementioned contract.

The facts sustain the lower court's conclusion of substantial compliance with section 220 of the Building Code of 1947 and with section 3003-1 of the Zoning Ordinance of Pittsburgh, as well as its findings on the issue of good faith of the intervenor-appellee.

Appellants, by appealing the grant of the original permit, forced Town to limit its operations and proceed with construction at its own risk pending the out-

come of the appeal. See *Riccardi v. Plymouth Township Board of Adjustment*, 393 Pa. 337, 142 A. 2d 289 (1958); *Silverco, Inc. v Zoning Board of Adjustment*, 379 Pa. 497, 503, 109 A. 2d 147 (1954). Appellants' dilatory tactics of failing to prosecute or withdraw the appeal unnecessarily lengthened the period during which Town was exposed to this hardship. Such action is clearly not conducive to the fair and equitable administration of building and zoning laws and is to be condemned. Building and zoning matters are concerned with the adjudication of substantial property rights and important municipal functions and should be speedily determined and disposed of.

Order affirmed.