## Smith, Appellant, *v.* Zoning Board of Adjustment.

Argued January 15, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Edward Unterberger*, with him *Samuel Packman* and *Stanton W. Kratzok*, for appellants.

*James L. Stern*, Deputy City Solicitor, with him *Carl Zucker* and *Matthew W. Bullock, Jr.*, Assistant City Solicitors, and *David Berger*, City Solicitor, for Zoning Board of Adjustment, appellee.

*Louis E. Levinthal*, with him *Harold E. Kohn, William T. Coleman, Jr., Bruce W. Kauffman, Harry A. Rutenberg*, and *Dilworth, Paxson, Kalish, Kohn & Dilks*, for intervenors.

OPINION BY MR. JUSTICE COHEN, March 20, 1962:

This is an appeal from the refusal of the lower court to grant a temporary restraining order prohibiting further construction by the defendant-intervenors on certain property located in Philadelphia. Appellants sought the restraining order in connection with their petition for a writ of certiorari to the court of common pleas from a decision of the appellee, the Zoning Board of Adjustment of the City of Philadelphia (Board), affirming the issuance of the permit allowing the construction.

Several years after the property was rezoned "A" commercial from "A" residential, intervenors applied to the zoning administrator for a zoning and use permit for an apartment building which would also contain store and office space. The permit was granted as a matter of right on the basis of the zoning classification of the area. Appellants, residents of the neighborhood, appealed to Board from the issuance of the permit, contending that the city ordinance rezoning the premises constituted "spot zoning," and, hence, was

violative of the law. Following Board's affirmance of the action of the zoning administrator, appellants filed a petition for a writ of certiorari to the court of common pleas. This proceeding is still pending, and, as yet, has not been heard.

Resorting to section 14-1803(3) of the Philadelphia Zoning Ordinance which provides: ". . . the allowance of the writ shall not stay proceedings upon the decision appealed from, but the court may, on application, on notice to the board, and on due cause shown, grant a restraining order", appellants filed a petition for a temporary restraining order which was denied. This appeal followed.

The scope of our review on appeal from the refusal to grant a preliminary injunction—which in this case assumes the form of a restraining order and a supersedeas under section 14-1803(3) of the Philadelphia Zoning Ordinance—is narrowly restricted. *Rubin v. Bailey*, 398 Pa. 271, 274, 157 A. 2d 882 (1960). We will look only to see if there were any apparently reasonable grounds for the action of the court below, based upon the facts presented, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable. *Rubin v. Bailey*, supra, at 274-275.

In this proceeding, therefore, we do not decide the propriety of appellants' challenge to the zoning ordinance as constituting "spot zoning". This is not the issue before us. Indeed, no hearing has been held by a court of common pleas, following the grant of the writ of certiorari, in which that specific issue was raised. The validity of a zoning ordinance cannot be challenged in an application for a restraining order under section 14-1803(3) of the Philadelphia Zoning Ordinance. It must be determined by appeal to Board, and,

ultimately, by a decision of the court of common pleas, on certiorari, in strict conformance with the prescribed statutory procedure. *Baederwood Center, Inc. v. Putney,* 390 Pa. 53, 57, 133 A. 2d 836 (1957); *Jacobs v. Fetzer,* 381 Pa. 262, 112 A. 2d 356 (1955).

Accordingly, by our action in this matter, we neither affirm nor reject the lower court's determination that the ordinance changing the zoning from "A" residential to "A" commercial was not "spot zoning." Since the question of "spot zoning" was not before it, the court below acted improperly in making this determination and in attempting, thereby, to establish the law of the case. Its adjudication is in no way binding upon the court in which this issue is properly raised by the writ of certiorari. The only issue before the court below was whether a restraining order, with its resultant effect of preventing the construction and thereby maintaining the status quo, was proper relief.

In the present case, since the act which appellants seek to restrain (i.e., the completion of the building) has already been accomplished—at the risk of the intervenors, *Hyde v. Pittsburgh Zoning Board of Adjustment,* 403 Pa. 415, 169 A. 2d 547 (1961)—this appeal from the lower court's refusal to grant the restraining order is moot and is dismissed. *Strassburger v. Philadelphia Record Company,* 335 Pa. 485, 6 A. 2d 922 (1939).

Appeal dismissed.