## Schmitt v. Commonwealth

*Charles J. Schmitt,* for plaintiff.

*William F. Martson,* Assistant Attorney General and *Joseph P. Work,* Deputy Attorney General, for defendant.

BOWMAN, J., October 16, 1969.—In propria persona, plaintiff by complaint in equity challenges the constitutionality of the Act of December 11, 1967 (Act No. 331), 15 PS §2651, which authorizes thoroughbred horse racing in Pennsylvania incident to which pari-mutuel wagering is sanctioned and taxed, as are admissions to such racing activity.

Defendant, State Horse Racing Commission,[1] after filing answer to plaintiff's complaint, moved for judg-

---

[1] Created by the statute as an independent administrative agency to license and supervise such racing activity and wagering incidental thereto. The financial administration of pari-mutuel wagering, however, is reposed in the Department of Revenue which is also charged with responsibility for the collection of the admissions tax.

ment on the pleadings, which motion asserts, among other reasons, that plaintiff lacks standing to challenge the constitutionality of this statute.

Our initial inquiry, therefore, is to determine by the pleadings whether plaintiff has demonstrated such a standing.

Inartistically drafted, the complaint is meager in factual averments and contains numerous conclusions of law either totally unsupported by factual averments or by factual averments which cannot find support in the legislation under attack. Alleging that he is a taxpayer of unspecified taxes and that this is a taxpayers' class action, plaintiff simply asserts that the statute in question is unconstitutional: (1) In that it originated in the Senate instead of the House, contrary to article III, sec. 10, of the Constitution of Pennsylvania requiring bills raising revenue to originate in the House; (2) in that its original purpose was changed during passage from a bill raising revenue (to an unnamed purpose), contrary to article III, sec. 1; and (3) that it "assigns" the first $10,000,000 of revenues raised to religious schools, contrary to article I, sec. 3.[2]

The remaining averments of the complaint appear to assert a personal cause of action in plaintiff for damage to his reputation and as violative of his "civil rights" by reason of some unspecified legislative committees during the passage of the legislation and prior thereto refusing to hear or entertain plaintiff's plans for pari-mutuel wagering in Pennsylvania. Whether or not these latter averments are sufficient to adequately

---

[2] This is the sole averment of unlawful expenditure of tax revenues. It is completely unsupportable as the legislation under attack directs the tax revenues to be first paid into a special State Horse Racing Fund and after payment of certain expenses of the Commission and the Department of Revenue to be then deposited into the general fund.

plead a personal cause of action in plaintiff as an individual, we need not consider. They do not, however, lend any support to the standing required of a taxpayer to test the constitutionality of a statute by complaint in equity.

While there appears to be a trend towards less rigidity in the personal interest and direct involvement required of persons who assert an unlawful expenditure of tax revenues,[3] our appellate courts continue to require of those who would contest constitutionality a direct interest which is adversely affected by the actual operation of the allegedly unconstitutional statute: Beauty Hall, Inc. v. State Board of Cosmetology, 418 Pa. 225 (1965); White v. Philadelphia, 408 Pa. 397 (1962);[4] Laris Enterprises, Inc. Appeal, 201 Pa. Superior Ct. 28 (1963), affirming 30 D. & C. 2d 179 (1963).[5]

In this case, plaintiff asserts only that he is a taxpayer and brings the action on behalf of all such taxpayers. The complaint is devoid of any averment of payment of the particular taxes imposed by the act or of the payment of any State tax. It is equally silent as to the manner or means by which their imposition or expenditure will directly or indirectly adversely affect him or those of his class. Under such circumstances, plaintiff has not demonstrated a standing to contest the constitutionality of the statute in question.

Having concluded that plaintiff lacks standing to

---

[3] See Martin v. Philadelphia, 420 Pa. 14 (1966); Price v. Philadelphia Parking Authority, 422 Pa. 317 (1966); Faden v. Philadelphia Housing Authority, 424 Pa. 273 (1967).

[4] Overruled in Faden v. Philadelphia Housing Authority, supra, insofar as inconsistent with the standing of a taxpayer to contest unlawful expenditure of tax revenues.

[5] For an article advocating less rigid requirements, see Jaffe, The Citizen as Litigant in Public Actions, 116 Univ. of Pa. L. Rev. 1033 (1968).

sue, we need not consider the other reasons advanced by the commission in support of its motion.

For the foregoing reasons, we enter the following

## ORDER

And now, October 16, 1969, defendant's motion for judgment on the pleadings is granted and judgment is hereby entered in favor of defendant, State Horse Racing Commission, and against plaintiff, Charles J. Schmitt, without prejudice.