# Head *versus* Meloney et al.

If the remedy of specific performance is possible at the commencement of a suit by a vendee, and whilst the action is pending the vendor in any way renders the remedy impracticable, the court will not compel the plaintiff to bring an action at law, but will do full justice by decreeing a recovery in damages.

When a suit is brought for specific performance of a contract to convey land, and through the trespass of a defendant in the suit, committed after the bill has been filed, the land is deteriorated in value, it is the duty of the plaintiff, if he desire to be compensated for such deterioration, to bring the same to the notice of the court by supplemental bill, or otherwise, and if he do not do so the decree of the court for specific performance will estop him from subsequently maintaining an action at law to recover damages for the trespass.

October 29th, 1885.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 1. of *Allegheny county :* Of October and November Term, 1885.

This was an action on the case brought to June Term, 1883, by George J. S. Head against Samuel J. Meloney, Julia A. Meloney and James A. Ewing, to recover damages for mining and carrying away 61,000 bushels of coal and a number of timber trees from a certain tract of land in Collier township, Allegheny county.    The defendants pleaded " not guilty." On the trial it appeared that on the 2d of June, 1881, Samuel J. and Julia Meloney were seized of the tract which was the *locus in quo,* and on that day entered into articles of agreement to sell the said tract to Head and deliver a deed therefor on or before June 15th, 1881; that on June 6th of the same year the Meloneys entered into an agreement with Ewing for the sale of the same land, which agreement was entered into by Ewing with the full knowledge of the prior contract with Head; that the Meloneys refused to fulfil their contract with Head, who thereupon filed against them a bill for specific performance, Ewing, who had received and recorded a deed for the land, being made a defendant; that the suit in equity resulted in a decree ordering the specific performance by the Meloneys of their contract with Head and the cancellation of the deed to Ewing, which decree was affirmed by the Supreme Court (see Ewing's Appeal, 5 Out., 371); that a deed was made to Head in accordance with the decree; that after the filing of the bill in equity and before the acceptance by Head of his deed, Ewing mined and carried away from the land 61,000 bushels of coal, and also cut down and carried away a large number of timber trees; that the plaintiff made no claim for

the value of the coal and timber in the equity proceeding. A non-suit as to Samuel J. and Julia Meloney having been entered at the close of the plaintiff's testimony, STOWE, P. J., instructed the jury that as against Ewing the plaintiff could recover whatever the jury found he could have obtained for the coal mined out of and the timber cut from his land, together with compensation for any injury shown to have been done to the land by such mining; and reserved the question whether the plaintiffs were "estopped by the decree in the suit for specific performance from maintaining an action at law for an injury to the property, which was the subject of the equity suit; committed during the pendency of the equity litigation." The jury gave a verdict for the plaintiff for $400. The court in banc entered judgment for the defendant *non obstante veredicto*. The plaintiff took this writ assigning for error the action of the court in admitting judgment to be entered for the defendant *non obstante veredicto*.

*George P. Graves* (with whom was *D. T. Watson*), for plaintiff in error.—Where an action at law for damages is not inconsistent with a suit in equity for specific performance or the existence of the contract it is sought to enforce in equity, it may be maintained and a decree for specific performance will not bar the action: Fennings *v.* Humphrey, 4 Beav. 4. There is no inconsistency here. We could not be compelled to elect between our right to proceed at law and our right to proceed in equity, when the right of action for damages did not accrue until after the bill was filed. The claim of damages for trespass on the land after the plaintiff became the equitable owner, by no means abandons the contract. The equity suit can only be an estoppel if the matter here in question had been adjudicated in the said suit: Williams *v.* Row, 12 P. F. S., 118. Whether the suit were for the same cause as the action must be determined by the record: ibid, Finley *v.* Hanbest, 6 Cas. 190; Cumberland Valley R. R.'s Appeal, 12 P. F. S. 218. The records here show that in the equity suit there was no account of damages prayed for, that none was taken and that the decree conformed with the prayer of the bill. A judgment is not conclusive of the rights of the parties which accrue subsequently to the institution of the suit, although they grow out of the same subject matter: Morrison *v.* Beckey, 6 Watts, 349. The rule that when equity obtains jurisdiction it may retain the cause and give purely legal relief on the ground that a suitor cannot split his cause of action and harass a defendant with a multiplicity of actions, only applies to a cause ripe for trial when the equitable suit was brought: Daniel Ch. Prac., 331.

[Head v. Meloney.]

And the rule does not require a court of equity to proceed and grant purely legal relief when prayed for or require the suitor to bring before it such legal rights:   Pomeroy Eq. Juris. § 181.   The rule simply extends to matters presented by the pleadings:   Williams v. Row *supra*, Kelsey v. Murphy, 26 Pa. St., 78.   Note to Duchess of Kingston's case; 2 Sm. L. C. (7 Am. ed.) p. 765.

We were not bound to supplement our bill and claim damages in that case, because (*a*) this action is for trespass committed after the bill was filed, which is independent and different in nature from the cause of action in the bill; (*b*) the trespass by Ewing, with knowledge of the plaintiff's title, rendered him liable to vindictive damages:   Acts Mar. 29, 1824, P. L. 152; May 8th, 1876, P. L. 142; O'Reilly v. Shadle, 33 Pa. St., 489; Watson v. Rynd, 76 Pa. St., 59, which could not have been obtained in a court of equity, which decree only compensation.

*John S. Ferguson* (with him *Robb and Fitzsimmons*), contra. —If the plaintiff's position is correct, he could have brought this action as well before as after the decree, so that he possibly might have been put in the position of recovering damages for a trespass to land, a decree for the conveyance of which might ultimately have been refused to him.   The object of a court of equity in a decree for specific performance is to place the complainant nearly as possible in the same situation as that in which the defendant has agreed he shall be placed: Tasker v. Small, 3 Myl. & Cr. 69, it is therefore as important that the court should know the relative position of the parties at the time it makes its decree as that it should know their relative positions when the contract was made.   Until the decree for specific performance the contract was executory, the decree substantially executed it as to the Meloneys, and the delivery of the deed and payment of purchase money executed it completely as to both parties, and in the absence of any covenant of indemnity, the plaintiff is left without any remedy at law, as if he had taken a deed without covenants against defects of title or incumbrances.   While the purchase money remained unpaid, equity might have relieved him; after payment, neither equity nor law could help him.

Plaintiff having sued in equity for specific performance, is bound to submit his claim for damages to the court, and is not entitled to proceed at law otherwise than by leave of the court:   Phelps v. Prothero, 25 L. J. Ch. 105; Nelson v. Bridges, 2 Beav. 239; Thompson v. Myrick, 24 Minn. 4; Waterman on Spec. Perf. § 500.

[*Head v. Meloney.*]

Mr. Justice CLARK delivered the opinion of the court, January 4th, 1886.

There is but a single question for our determination in this case: "Is the plaintiff estopped, by the decree in the equity suit for specific performance, from maintaining an action at law for an injury to the property, which was the subject of the equity suit, committed during the pendency of the equity litigation?"

It must be conceded, we think, that upon the bill for specific performance the Court of Common Pleas of Allegheny county, sitting as a court of equity, had full jurisdiction to award the damages to the plaintiff, for the coal carried away and for the timber cut on the land, which was the subject of the bill up to the date of the decree. The prayer of the bill was for specific relief, purely equitable in its character, the granting of which was distinctly within the exclusive jurisdiction of equity, and to this relief at the filing of the bill the plaintiff was admittedly entitled. .

During the pendency of the proceedings on the bill, the property was deteriorated by the defendant; specific performance as contemplated in the contract, was to this extent rendered impracticable, and the plaintiff was, without doubt, entitled to the only alternative possible, viz: compensation for the injury in damages.

The rule is well settled, that if the remedy of specific performance is possible, at the commencement of the suit by the vendee, and whilst the action is pending, the vendor, in any way, renders the remedy impracticable, the court will not compel the plaintiff to bring a second action at law, but will do full justice by decreeing a recovery in damages: Morss *v.* Elmendorf, 11 Paige, 277; Woodcock *v.* Bennet, 1 Cow. 711; Milkman *v.* Ordway, 106 Mass. 232-253; Pomeroy's Eq. 237. A Court of Equity in such a case will ordinarily effect a complete adjudication of the whole matter in issue; will not allow any proceedings at law, without its leave, in respect of the same subject matter, and will at any time before the completion of the transaction by the execution of the conveyance and payment of the purchase money, enforce compensation in respect of any proper subject of compensation arising before that time: Fry on Spec. Perf. § 819.

If this action at law had been brought at any time, prior to the perfecting of the decree in the equity case by the delivery of the deed and the payment of the purchase money, we think it cannot be doubted that the plaintiff might have been restrained in the prosecution of it, and the ascertainment and assessment of damages would, without doubt, in that event. have been remitted to the equity jurisdiction. In Nelson *v.*

Bridges, 2 Beav. 239, a decree had been entered for the specific performance of an agreement, granting the right to raise the stone under a certain plot of ground. During the pendency of the proceedings, and whilst the defendants were resisting the performance, they removed a portion of the very subject matter of the suit, and the plaintiff under the decree was thereby deprived of the full benefit of his contract. This had not, either in the pleadings or proofs under the bill, been brought to the attention of the court; but after the decree a supplemental bill was filed, to obtain compensation for the loss. It was argued that compensation might have been had at law on perfecting the decree for specific performance. The Master of the Rolls, however, was of opinion that if the matter had been before the court at the first hearing, the claim for compensation would have been put in a proper train of investigation; and that as equity once entertained jurisdiction in the case, it was not necessary to resort to the circuitous remedy offered by the law; that, therefore, the plaintiff was entitled to relief upon a supplemental bill.

In Prothero v. Phelps 25 L. J., N. S. 105, Phelps, upon a bill in equity, obtained against Prothero a decree for specific performance of an agreement. Phelps, then complaining that he had been greatly injured through a breach of the agreement after the filing of the bill, and during the pendency of the proceedings thereon, proceeded at law against Prothero for recovery of the alleged damage. The argument of the plaintiffs was that Phelps, having elected to submit his rights to the judgment of a Court of Equity, that court had full competency, on a decree for specific performance, to award, beyond the immediate relief prayed for, compensation for the damages claimed, and that he was not at liberty to proceed at law for his alleged damages, but should be remitted to the Vice-Chancellor to have an assessment made, if any were in fact sustained. On the other hand, it was contended that Phelps had a clear right to a decree for specific performance in equity, also to recover damages for his loss at law; and that the damages of which he complained, occurring after the commencement of the suit in equity, was not brought in issue in that proceeding. The Lord Justices held that the court, having jurisdiction of the subject matter, the plaintiff at law could not proceed without the permission of the court; that he ought to have submitted his claim for damages to the Court of Equity, which was competent to ascertain them; and they therefore directed an inquiry as to such damages, and restrained the action at law. "It seems to be well settled that a Court of Equity having once had jurisdiction in a suit over the subject matter of it, will not, except by its permis-

[Head *v.* Maloney.]

sion, allow resort to any other forum in respect of that subject matter, either when the proceedings are pending in the court or after decree, except in cases where the right to sue at law arises on instruments executed under the decree. But where the decree has been entirely executed, and the cause thus out of court, any relief sought in equity can only be granted on a new bill:" Fry on Spec. Perf. 338. In Reynolds *v.* Nelson 6 Mad. 290, on the general principle stated, the court, after a decree of specific performance, restrained the prosecution of an action for damages in respect of the non-completion of the contract within the time specified; and in Frank *v.* Basnett 2 My. & K. 618, the plaintiff, having obtained a decree for specific performance, the case was referred to a master to settle a conveyance; pending the proceedings, the defendant brought an action for the non-erection of a bridge, which the plaintiff was to erect across a stream; the plaintiff filed a supplemental bill, and the action was restrained.

In the case at bar, however, the decree for specific performance had been entered, and the decree had been perfected by the delivery of a deed and payment of the purchase money before the action at law was instituted, and we are now brought to consider whether or not that decree will operate as an estoppel to the plaintiff's recovery. It is certainly true, as stated in Tams *v.* Lewis 6 Wr. 410, that a former judgment is not conclusive of anything which was not directly decided by it, or was not material to the decision. Before such effect can be given to it in another suit, it should appear either from the record or *aliunde*, that it must have rested on the precise question, which it is sought again to agitate. Whether this is so or not may appear from the record itself, or it may be shown by evidence not inconsistent with the record: See, also, Duchess of Kingston's Case, 11 State Trials, 261; Hibshman *v.* Dulleban, 4 Watts, 183.

The specific performance of the contract of June 2d, 1881, was the subject matter of the suit in equity, and that subject matter was, in its nature and by the terms of the contract, entire, and was, as we have said, within the peculiar and exclusive jurisdiction of equity. The contract covered the conveyance of the land as it existed at the time; and the suit, for the specific performance of it, was an action upon the contract in its entirety; if during the pendency of the proceedings, by the act of the defendant, the plaintiff could not have the full benefit of the contract, the latter was entitled to damages, as part and parcel of his claim under the bill. The question of damages did not come collaterally in question, and thus only incidentally cognizable in the equity jurisdiction, but was presented directly. The award and assessment of

[Head v. Meloney.

damages were, therefore, necessarily and directly involved in the decree, and if no damages were in fact awarded, we must assume that none were sustained.

Thompson v. Myrick, 24 Minn. 4, is a case involving precisely similar principles; it was an action at law for damages brought after a decree in equity for specific performances. The defendant in that case, before the action for specific performance was brought, had disposed of a part of the real estate; all the relief asked for in the bill, and granted by the decree was a conveyance of the real estate not disposed of. The action at law, having been brought to recover damages to compensate the plaintiff for the loss of the land disposed of, it was held, that a judgment determines every matter which pertains to the cause of action or defence, or which is involved in the measure of relief to which the cause of action or defence entitles the party, even though such matter may not be set forth in the pleadings so as to admit proof, and call for an actual decision upon it; and that in an action for specific performance to convey real estate, any claim which the plaintiff may have to compensation, on account of defendant's inability to perform his contract, pertains to the cause of action, and whether presented by the pleadings or not, is determined by the judgment.

It is unimportant that the deterioration of the estate occurred after the filing of the bill, or that it is not alluded to in the prayer or set forth in a supplemental bill. Although the better practice undoubtedly is to state the grounds of the claim, compensation may, upon the principle already stated, be made at any time during the investigation before or after decree, until the transaction is completed by actual performance, though the prayer of the bill and the decree do not allude to it: Wilson v. Williams, 3 Jur. N. S. 810. It may be said that the plaintiff did not know of this deterioration; to this we may reply that before receiving his deed and paying his money, in pursuance of the decree, it was his duty to know the condition of the property. He had submitted the adjudication of his rights to a court competent to make a complete adjudication, and it devolved upon him to know that he was fully protected in the decree before it was perfected by performance. In Phelps v. Prothero (supra), it was urged, on the part of the defendant, that the damages, for which he was suing at law, arose, in fact, after the institution of the suit, "and this," says Lord Justice Turner, "no doubt is true; but it is unimportant, for the defendant had ample opportunity of bringing them under consideration of the court." So the plaintiff here had ample opportunity, at any time before the decree was perfected, to have brought his claim under the considera-

tion of· the court, to which he had himself committed the case. In the decree for specific performance, he might have obtained full compensation and indemnity against his loss. We are of opinion that this claim was brought directly in question on that issue, and must be presumed to have been there determined.

The judgment is affirmed.