## Seward, Appellant, *v.* Shields.

*Equity—Specific performance—Appeals—Injunction—Damages.*

Where a bill in equity is filed to enjoin the defendant from engaging in a business in violation of a contract, and before an appeal from an order refusing a preliminary injunction is brought to a hearing, the limit of time specified in the defendant's contract, within which he was not to engage in the business has expired, the appellate court must dismiss the appeal, and can make no decree against the defendant for the payment of money damages.

Argued Oct. 22, 1901.   Appeal, No. 101, Oct. T., 1901, by plaintiff, from decree of C. P. No. 2, Phila. Co., Sept. T., 1900, No. 144, refusing a preliminary injunction in case of Thomas F. Seward v. Charles B. Shields.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Bill in equity for an injunction.

*Error assigned* was decree refusing preliminary injunction.

*John H. Sloane*, with him *Charles F. Linde*, for appellant.

No paper-book filed or appearance entered for appellee.

PER CURIAM, November 11, 1901 :

This is an appeal from an order refusing a preliminary injunction.   Before the appeal was brought to a hearing the limit of time specified in the defendant's contract, within which he was not to solicit and receive laundry work from the plaintiff's customers, had expired.   So that whatever might be held as to the merits of the plaintiff's bill, no injunction could now issue.   Nor upon an appeal from this interlocutory decree can we make a decree for the payment of money damages upon the principle recognized in Head v. Meloney, 111 Pa. 99, and kindred cases. That could only be done on final hearing.   In these circumstances we do not think we are called upon, nor do we think it advisable to discuss or decide at this time the abstract question originally involved in the appeal.   If it were an appeal from a final decree dismissing the bill, and between the date of the de-

cree and the date of the hearing of the appeal, the time limit above referred to had expired, a different question would be presented.

The appeal is dismissed, the costs to abide the determination of the suit.