Brecht, Appellant, *v.* Board of Public Education.

Argued April 19, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Joseph S. Conwell, Jr.,* with him *Pepper, Bodine, Stokes & Schoch,* for appellant.

*Robert von Moschzisker,* for appellee.

PER CURIAM, May 9, 1938:

Appellant has been an employee of the Board of Public Education of the Philadelphia School District for thirty-two years. Shortly after the passage of the Teachers' Tenure Act of April 6, 1937, P. L. 213, the Board tendered him a written contract in the form provided by Section 2, amending Section 1205 of the School Code of 1911. In the blank reserved for the number of months of service included in the annual compensation, the Board had inserted the number "twelve." Appellant refused to enter into the contract as drawn and insisted that the Board tender to him a new agreement providing a term of service of ten months, which is the school term or session in that school district. The Board originally refused this request, and appellant petitioned for a declaratory judgment in the court below. After hearing judgment was entered for the Board.

After the decision of this Court in the *Teachers' Tenure Act Cases,* 329 Pa. 213, to which neither appellant nor the Board was a party, the Board adopted resolutions that the term of service in all of its contracts shall be ten months until the school term is extended to a longer period. This appeal was taken prior to the adoption of these resolutions.

The position of appellant in this case is definitely settled by the decision of this Court in the *Teachers' Tenure Act Cases,* 329 Pa. 213, at pages 235-237, and should have been so understood. It was there held that the blank in the contract form referring to the term of service is to be filled in with the number of months constituting the regular school session of the district. In the present case this is a ten-month period. We see no reason for altering the law as there stated. But al-

though the court below was in error in reaching its conclusion and entering judgment for the Board, the question here involved has been rendered moot by the Board's action in amending its contracts and taking formal steps to carry out the requirements of the Act. This appeal must therefore be dismissed. See *Moskowitz's Appeal*, 324 Pa. 144.

Appeal dismissed.