## Taylor Fibre Co. *v.* Textile Workers Union of America, Appellant.

Argued March 16, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Daniel L. Quinlan, Jr.*, with him *Edward J. Ozorowski, Daniel B. Brandschain, M. H. Goldstein,* and *O'Donnell, Weiss, Quinlan & Mattei,* for appellants.

*Victor H. Roberts* and *High, Swartz, Childs & Roberts,* for appellee, were not heard.

OPINION BY MR. JUSTICE BELL, May 8, 1959:

Taylor Fibre Company brought a complaint against several Unions and their officers, alleging mass picketing, threats and intimidation with resulting irreparable damage and loss therein particularly described, and prayed for a preliminary injunction and subsequently a permanent injunction and other equitable relief. Upon the basis of this complaint which was supported by ex parte affidavits, the Chancellor issued a preliminary injunction on January 6th, without hearing any evidence. The Chancellor ordered that a preliminary injunction issue, upon security being entered in the sum of $2,000, enjoining defendant unions, their officers, members and agents from doing any of the following acts:

"(a) Preventing or attempting to prevent by mass picketing, violence, intimidation or coercion, or any threats thereof, any person or persons having lawful business upon plaintiff's premises from freely entering or leaving plaintiff's premises; [and]

"(b) Obstructing, hindering . . . ingress to or egress from plaintiff's premises of plaintiff's officers, agents, employees, . . .; [and]

"(c) Interfering with, hindering or obstructing by mass picketing, violence, . . . the operation of plaintiff's business, . . .; [and]

"(d) Having in front of or in close proximity to any entrance to plaintiff's plant or premises more than (8) pickets at any one time, . . .

"The injunction to continue for 7 days sec. reg. and the motion for its continuance thereafter will be heard by the Court on Monday, the 12th day of January, 1959, . . . ."

From the record and the facts which were admitted by defendants (appellants) at the bar of this Court, these are the pertinent facts:

Defendants, on January 8th, presented a petition and motion to vacate the preliminary injunction, alleging that the Court of Equity had no power or authority to issue the injunction without a hearing. The lower Court justified its power to issue such an injunction on the authority of *Carnegie-Illinois Steel Corp. v. U. S. W. of A.,* 353 Pa. 420, 45 A. 2d 857, which is directly in point. The motion was orally argued before the Chancellor on January 9th. The Court then entered the following Order: "And now, January 9, 1959, after oral argument, the motion to vacate, terminate and dissolve the preliminary injunction heretofore granted upon injunction affidavits and bond (dated January 6, 1959) without a hearing, is hereby refused and petition dismissed." The defendants admit that at that time they agreed to the following arrangement: "The chancellor increased the number of pickets from 8 to 10 and . . . the injunction was continued without a hearing."

On January 12th defendants appealed to this Court from the Order and Decree which granted the above mentioned preliminary injunction. The strike was settled on February 12th, on which date a new collective bargaining agreement was executed by plaintiff and defendant unions and all picketing of the plaintiff's plant forthwith ceased. On March 2nd plaintiff's suit was discontinued of record by plaintiff.

Plaintiff (appellee) contends (without filing any brief) that the appeal should be dismissed because the aforesaid facts make it moot. Defendants (appellants) contend that the case is not moot and that the questions involved should be decided by this Court on this appeal for four reasons: (1) Plaintiff's action in discontinuing the case in the Court below will not bar the appeal since the discontinuance was entered after the appeal to this Court had been taken;* (2) plain-

tiff's discontinuance did not have the legal effect of dissolving or vacating the preliminary injunction;* (3) the fact that picketing has ceased and a new collective bargaining agreement has been executed "does not *necessarily* render moot the issue as to whether or not the issuance of an ex parte injunction in a labor dispute is legal"; (4) in the event that this Court overrules *Carnegie-Illinois Steel Corporation v. U. S. W. of A.*, 353 Pa., supra, and determines that the issuance of an ex parte injunction is illegal, defendants would be entitled to damages and attorneys' fees in accordance with the Act of June 2, 1937, P. L. 1198, §10, 43 PS §206j.

Considering first, this last contention, if the injunction was illegally issued, defendant-appellants have an adequate remedy at law for the recovery of damages; and it is not mandatory upon Equity to award damages.

With respect to appellants' contention that a discontinuance in the lower Court will not bar a prior appeal to this Court, this Court has specifically decided that where it appears—even after oral argument before this Court—that the questions raised by the appeal were, because the strike was settled, moot, the appeal will be dismissed: *Glen Alden Coal Co. v. Anthracite Miners of Penna.*, 319 Pa. 192, 179 A. 446. See also to the same effect: *Richards v. Johns*, 338 Pa. 232, 13 A. 2d 59; *Sholter's Appeal*, 325 Pa. 48, 188 A. 112.

Appellants also allege "that by Act of the Congress of the United States, the labor dispute between the parties to this action in equity is only cognizable under Federal Law, and subject solely to Federal jurisdiction." We have repeatedly held that there is no merit in such a contention. In *Fountain Hill Mills v.*

---

* No authority was cited in support of this proposition.

*A. C. W. U. of America,* 393 Pa. 385, 143 A. 2d 354, the Court specifically decided that even if the National Labor Relations Board has jurisdiction over the controversy in question, this would not prevent a Court of Equity from issuing an injunction to prohibit mass picketing, threats and intimidation of employees. The Court in support thereof cited *Wilkes Sportswear, Inc. v. International Ladies Garment Workers Union,* 380 Pa. 164, 110 A. 2d 418; *Westinghouse Electric Corporation v. United E. R. & M. Workers of America,* 383 Pa. 297, 118 A. 2d 180; *Wortex Mills, Inc. v. Textile Workers Union of America,* 369 Pa. 359, 85 A. 2d 851, as well as several decisions of the Supreme Court of the United States.

In *Wortex Mills v. Textile Workers U. of A.,* supra, an injunction restraining mass picketing was sustained. The Court analyzed and reviewed at length numerous decisions of the Supreme Court of the United States which recognized the right of a State Court to issue an injunction against mass and other illegal picketing. The Court said, inter alia (pages 363-364, 370) :

"In the light of the mass picketing, threats and intimidation, it seems strange that anyone should contend that a State Court is powerless to issue an injunction. It is well to recall that a State or other Sovereign has a paramount right and an inescapable duty to maintain law and order, to protect life, liberty and property and to enact laws and police regulations for the protection and preservation of the safety, health and welfare of the people of the state or community: *Carnegie-Illinois Steel Corp. v. U. S. W. of A.,* 353 Pa. 420, 426, 45 A. 2d 857; *Westinghouse Electric Corp. v. United Electrical Workers,* 353 Pa. 446, 460, 46 A. 2d 16.

" 'The power and duty of the State to take adequate steps to preserve the peace and to protect the privacy,

the lives, and the property of its residents cannot be doubted': Thornhill v. Alabama, 310 U. S. 88, 105; Carlson v. California, 310 U. S. 106, 113.

. . .

"Although the nationwide strike which caused this picketing was over, defendants requested this Court at oral argument to decide whether peaceful picketing for organizational purposes is legal. It is only in very rare cases where exceptional circumstances exist or where matters or questions of great public importance are involved that this Court ever decides moot questions or erects guideposts for future conduct or actions. So far as this case is concerned, this question is moot. ' "Constitutional questions are not to be dealt with abstractly." Bandini Petroleum Co. v. Superior Court, 284 U. S. 8, 22; Arizona v. California, 283 U. S. 423, 464. They will not be anticipated but will be dealt with only as they are appropriately* raised upon a record before us. Tennessee Publishing Co. v. American National Bank, 299 U. S. 18, 22': Allen-Bradley Local v. Wisconsin E. R. Board, 315 U. S. 740, 746.

"We shall, therefore, merely decide that under the facts in this case and under all the authorities hereinabove quoted or referred to, the court below had jurisdiction to issue and was clearly right in issuing an injunction."

The appellants' argument based on its alleged continuing effect of a temporary injunction is without merit. (1) The lower Court has no power to restrain further mass picketing or other illegal picketing under the aforesaid preliminary injunction because the suit upon which it was based or issued has been discontinued of record. (2) Defendants agreed that in lieu of mass picketing, which of course is illegal,** it would

---

\* Erroneously reported in the State Reports as "approximately".

\*\* See cases supra.

be satisfactory for the lower Court to limit the picket line to 10 persons. If the lower Court has no power, as defendants contend, to issue a preliminary injunction based upon ex parte affidavits, defendants *waived* their right to raise this technical point when they agreed to a 10 man picket line. (3) Discontinuance by plaintiff of its action was valid and lawful, and did not bar any rights defendants might have to recover in another action damages resulting from the lower Court's allegedly illegal issuance of a preliminary injunction. (4) The real question raised in this appeal is now undoubtedly moot, and for that reason alone the appeal should be dismissed.

Appellants also allege that the issuance of this injunction by a State Court upon ex parte affidavits and without a hearing violates not only the statutory law of Pennsylvania, but also the Constitution of the United States and the Constitution of Pennsylvania. Appellants frankly admitted at the bar of the Court that the real object and purpose of this appeal was to have this Court overrule *Carnegie-Illinois Steel Corp. v. U. S. W. of A.*, supra, which sustained the right of a Court of Equity to issue a temporary injunction based upon injunction affidavits, and without any hearing.

It is likewise clear that we should not decide or give an advisory opinion upon the very important questions which are necessarily involved in the determination of the basic question which appellants seek to raise, since it would require us not only to decide whether to overrule *Carnegie-Illinois Steel Corp. v. U. S. W. of A.*, 353 Pa., supra, but also to decide whether the lower Court's decision violated the Constitution of Pennsylvania and the Constitution of the United States. An advisory opinion upon such important issues should be given by us only in a case where the issues are clearly and appropriately raised.

*Tamagno v. Waiters and Waitresses Union,* 373 Pa. 457, 96 A. 2d 145, which is relied upon by defendants, does not support their position. In that case the Court directed the lower Court to dissolve an injunction against mass picketing which had been in effect for over two years because of the combination of half a dozen circumstances which radically altered the situation which existed at the time the injunction was issued.

There is still another reason why this appeal should be dismissed. It is a familiar principle of equity that he who seeks equity must do equity. Defendants, record-wise, admit they have been guilty of mass picketing, i.e., illegal picketing, and therefore they are not in a position to ask this Court to grant the extraordinary remedy they seek in this appeal.

Appeal dismissed; costs to be paid by appellants.

Mr. Justice Bok concurs in the result.

Mr. Justice Musmanno, Mr. Justice Cohen and Mr. Justice McBride dissent.