## Youngstown Industrial and Development Corporation *v.* Hillcrest Shopping Center, Appellant.

Argued June 5, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Alvin J. Porsche,* with him *Joseph S. Schuchert, Jr.,* and *Porsche, Schuchert & Sapp,* for appellants.

*Myron W. Lamproplos,* with him *Joseph M. Lough-ran,* and *Loughran and Loughran,* for appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1963:

On June 18, 1959, the plaintiff, Youngstown Industrial and Development Corporation, Inc. (Youngstown), entered into a written agreement with the defendant, Hillcrest Shopping Center, Inc. (Hillcrest), providing for the construction, leasing and financing of a certain shopping center in Westmoreland County,

Pennsylvania. The agreement provided that any controversy or question arising between the parties in reference thereto should be settled by arbitration. As part of the transaction, the shareholders of Hillcrest pledged all of the then issued and outstanding shares of stock in that corporation to Youngstown as security for the repayment of loans totaling $41,308.48, and agreed not to issue any additional stock in Hillcrest until the loans were repaid.

When the shopping center was completed and leased, Hillcrest refused to carry through to completion its covenants under the contract because of alleged incomplete and defective construction. Upon petition of Youngstown, arbitrators were appointed by the court below under the Act of April 25, 1927, P. L. 381, 5 P.S. §161 et seq., to explore and determine the merits of the dispute. This proceeding is still pending.

Several months later, Youngstown instituted this action in equity. The complaint alleged, inter alia, that in violation of the agreement, Hillcrest subsequently issued a large quantity of shares of stock in the corporation, to the defendant, Kruse. It requested, inter alia, the cancellation of these corporate shares and, an injunction restraining any further change in the corporate stock structure to prevent impairment of Youngstown's security.

On March 25, 1963, after a preliminary hearing, the court below entered an order temporarily restraining Hillcrest and Kruse from using any of Hillcrest's income and freezing the latter's bank account. It further stated that the order was to remain in effect until March 29, 1963, at 1:30 p.m. o'clock, at which time if the matters involved were not settled a receiver would be appointed for Hillcrest. The nature of the order was prompted by the court's desire to afford the parties an opportunity to settle the dispute. On March 29, 1963, at or about 11 o'clock a.m., without any fur-

ther action in the court below, this appeal was filed by Hillcrest questioning the jurisdiction of the court to entertain the equity action.

The issues raised by this appeal need not be resolved. The appeal was filed from a temporary restraining order which by its terms expired on the day the appeal was filed. The injunction is not now in force and effect, nor has it been since March 29, last. This issue is, therefore, moot. See *Faust v. Cairns,* 242 Pa. 15, 88 Atl. 786 (1913); *Brecht v. Board of Public Education,* 330 Pa. 331, 199 A. 152 (1938); *Excellent Laundry Co. v. Szekeres,* 382 Pa. 23, 114 A. 2d 176 (1955). Hillcrest undoubtedly anticipated the court appointing a receiver and wished to avoid the consequences such action would entail. However, such an order has not as yet been entered. In this respect, the appeal is premature. See, *West v. Lysle,* 302 Pa. 147, 153 A. 131 (1931); *Caflisch v. Logue,* 216 Pa. 146, 65 A. 31 (1906); *United Electrical, Radio and Machine Workers of America v. Sherman,* 352 Pa. 133, 41 A. 2d 860 (1945).

Appeal dismissed. Each side to pay own costs.