Boone, et al. *v.* Tate, Mayor of Philadelphia, et al.

Argued October 7, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

102

*Deborah G. Green,* with her *Douglas G. Dye, Jonathan M. Stein* and *Harvey N. Schmidt,* Community Legal Services, Inc., for appellants.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Levy Anderson,* City Solicitor, for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, January 5, 1972:

The origin of this appeal is a class action complaint in equity filed in December of 1970, essentially directed against a job freeze order of the Mayor of Philadelphia which encompassed certain employees and staff positions at the Philadelphia General Hospital and against a contemplated dismissal of a substantial number of hospital employees and staff under a similar administrative order.

These actions were taken because of an alleged financial crisis developing in the fiscal year which had begun July 1, 1970, caused, at least in part, by wage increases won by city employees but not budgeted. The thrust of the complaint in equity is that the City of Philadelphia has a legal obligation under pertinent statutes and ordinances or as a matter of constitutional law to provide minimally adequate general hospital care to its indigent citizens.

Shortly after the complaint was filed, the administrative action to dismiss certain personnel of the hospital was rescinded. The case then proceeded through hearings on application for preliminary injunction (which resulted in dissolution of one granted ex parte) and on permanent injunction, which was denied and from which final decree this appeal was taken on June 2, 1971.

On July 1, 1971, a new fiscal year began for the City of Philadelphia for which a new budget has been adopted. The job freeze—the core of the controversy in this litigation—expired at the time of the adoption of the new budget of the City and the beginning of the new fiscal year.

Under these circumstances the City contends the appeal is nonjusticiable and moot. Plaintiff appellants, citing *United States v. W. T. Grant Co.*, 345 U.S. 629

(1953) and *Moore v. Ogilvie,* 394 U.S. 814 (1969), urge us to decide the appeal on the merits because the issue although moot is one of public importance and the possibility that similar administrative action may be repeated and yet escape judicial review.

This matter is, of course, of great public importance. However, assuming the correctness of appellants' contention that indigent persons are legally and constitutionally entitled to minimally adequate general hospital care provided by the City, the extent of the City's duty would depend upon all the circumstances existing at a given time including other similarly mandated public needs and the public means. Conceivably, there could be a judicial determination that the performance of the duty might be declared to have been inadequate, adequate, or properly temporarily suspended or contracted based upon circumstances then existent.

For us to make a conclusion of law susceptible to such varying results in application in the vacuum of this moot case would, in our judgment, produce no definable result. The decision sought by the appellants should await a case which is not moot.

The appeal is dismissed without prejudice; each party to pay its own costs.