## American Family Life Assurance Company of Columbus *v.* Denenberg.

Argued December 5, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Thomas N. O'Neill, Jr.*, with him *Montgomery, McCracken, Walker & Rhoads*, for plaintiff.

*Charles D. Cowley*, Assistant Attorney General, with him *Gerald Gornish*, Deputy Attorney General, and *J. Shane Creamer*, Attorney General, for defendant.

Opinion by Judge Mencer, April 4, 1973:

Plaintiff, American Family Life Assurance Company of Columbus (American) is a stock life insurance

company duly incorporated and existing under the laws of the State of Georgia. American is licensed to issue and sell, within the Commonwealth of Pennsylvania, insurance policies indemnifying against expenses incurred as a result of the contraction of cancer. The defendant is the present Insurance Commissioner of the Commonwealth. On March 24, 1972, defendant filed an order to take effect April 3, 1972, prohibiting the sale and issuance of the type of cancer policies being sold by American.

On March 30, 1972, American commenced this action in equity by the filing of a complaint alleging that the defendant lacked the power and authority to issue the order of March 24, 1972. Following an amendment to the complaint, the defendant filed an answer to the complaint, and a hearing was held on plaintiff's motion for a preliminary injunction. On April 20, 1972, a preliminary injunction was issued enjoining and restraining the defendant from enforcing or in any way giving effect to the order filed March 24, 1972.

American's motion for judgment on the pleadings and request for a permanent injunction were scheduled for hearing on December 5, 1972. On November 13, 1972, the defendant withdrew and repealed the order of March 24, 1972, which prohibited the sale and issuance of cancer policies sold and issued by American. On November 27, 1972, defendant filed a motion for summary judgment and dissolution of the preliminary injunction of April 20, 1972. Argument on defendant's motion for summary judgment was heard by the Court en banc on December 5, 1972, although American contended then, and subsequently by oral motion on January 31, 1973, that defendant's motion for summary judgment should be set down for argument after American had had the opportunity to file an answer to the motion.

We hold that the defendant's order of November 13, 1972, withdrawing and repealing the defendant's order filed March 24, 1972, resolved the controversy and rendered this equity action moot. *Scranton School District v. Scranton Federation of Teachers,* 445 Pa. 155, 282 A. 2d 235 (1971) ; *Boone v. Tate,* 4 Pa. Commonwealth Ct. 101, 286 A. 2d 26 (1972) ; *Taylor Fibre Co. v. Textile Workers Union of America,* 395 Pa. 535, 151 A. 2d 79 (1959).

In *Faust v. Cairns,* 242 Pa. 15, 88 A. 786 (1913), the Board of Health of Philadelphia had quarantined premises on which a case of smallpox had developed, and an appeal from an order refusing a preliminary injunction was taken on the day that the quarantine was removed. The Court held the question moot for the reason that, once the quarantine was removed, there was no actual controversy for decision. Likewise, we believe that here, once the defendant withdrew and repealed his March 24, 1972 order, there no longer remained a controversy for decision. We are mindful that, if we could grant plaintiff some requested relief other than the relief of enjoining defendant from enforcing his March 24, 1972 order, this action could not be terminated because of mootness. *Keystone Building Corporation v. Lincoln Savings and Loan Association,* 439 Pa. 444, 266 A. 2d 648 (1970). However, we are satisfied that, under the circumstances and facts of this case, such is not the situation here.

Therefore, we make the following

## Order

Now, this 4th day of April, 1973, the preliminary injunction of April 20, 1972 is dissolved; plaintiff's motion for further argument on defendant's motion for summary judgment is denied; defendant's motion for summary judgment is hereby granted; and the Pro-

thonotary is directed to enter judgment in favor of the defendant and against the plaintiff. Each party to pay own costs.