J-S67024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY WOODS, | : | |
| | : | |
| Appellant | : | No. 639 EDA 2016 |

Appeal from the Judgment of Sentence June 28, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0508941-2005

BEFORE: GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 29, 2017**

Gregory Woods ("Woods") appeals from the judgment of sentence imposed following the revocation of his probation. We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural background, which we adopt for the purpose of this appeal. ***See*** Trial Court Opinion, 11/03/16, at 1-3.

On appeal, Woods raises the following issue for our review: "Must a sentencing court place on the record the reasons it failed to order a pre[-]sentence investigation report [("PSI")] pursuant to Pa.R.Crim.P. 702?" Brief for Appellant at 7.[1]

---

[1] Although Woods framed his issue somewhat differently in his Pa.R.A.P. 1925(b) Concise Statement, we decline to find waiver on this basis. ***See*** Pa.R.A.P. 1925(b)(3)(vii) (providing that "[i]ssues not included in the Statement … are waived.").

---

* Former Justice specially assigned to the Superior Court.

Woods challenges the discretionary aspects of his sentence. *See Commonwealth v. Flowers*, 950 A.2d 330, 331 (Pa. Super. 2008) (holding that "a claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing of which a defendant's right to appellate review is exceptionally limited."). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, we must consider an appellant's brief on this issue as a petition for permission to appeal. *See Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

In the instant case, Woods filed a timely Notice of Appeal, and included in his appellate brief a separate Rule 2119(f) statement. However, Woods failed to properly preserve his discretionary sentencing issue at sentencing or in a motion to reconsider and modify sentence, in compliance with Pa.R.Crim.P. 720. Our review of the transcript of the June 28, 2013

sentencing hearing reflects that the issue was not raised at any time during the sentencing hearing. *See* N.T., 6/28/13, at 1-37. Further, our review of the docket reflects no filing of a motion to reconsider and modify sentence. Because Woods failed to comply with the requirements to challenge the discretionary aspects of his sentence, he failed to preserve the issue for our review. *See Moury, supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/17

FILED

NOV 03 2016

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY.
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA :       TRIAL DIVISION
             :
V.                         :       CP 51-CR-0508941-2005
             :
GREGORY WOODS, APPELLANT    :       No. 639 EDA 2016

## OPINION

This opinion addresses issues the Appellant raises by way of his reinstated direct appellate rights. His issues have no merit for the reasons set forth below.

### I. CASE HISTORY

On October 27, 2004, police arrested the Appellant and charged him with Burglary (F1), Criminal Trespass (F2), Theft by Unlawful Taking (M1), and Theft by Receiving Stolen Property (M1). On February 6, 2006, the Appellant entered an open guilty plea for Burglary before the Honorable George W. Overton in this case and nine other cases. After the Appellant pled, Judge Overton sentenced him to 11 ½ - 23 months incarceration followed by four years probation on each case. Each case was to be served concurrently to one another.

On June 15, 2010, while serving Judge Overton's probationary sentence, the Appellant was arrested on another Burglary case.[1] On February 9, 2011, the Appellant was placed on House Arrest by the Honorable Rayford A. Means. On March 19, 2012, the Appellant entered an open guilty plea before the Honorable Lisette Shirdan-Harris in the open burglary case, and she deferred sentencing pending a presentence investigatory report. However, the Appellant cut off

CP-51-CR-0508941-2005 Comm. v. Woods, Gregory
Opinion

7521584401

---

[1] CP-51-CR-14010-2010. He was charged with Burglary (F1), Conspiracy to Commit Burglary (F1), Theft by Unlawful Taking (F2), Possession of a Firearm Prohibited (F2), Criminal Trespass (F3), Receiving Stolen Property (F3), and Carrying an Unlicensed Firearm (F3).

1

his electronic monitoring bracelet and fled the day before sentencing.[2] Therefore, on June 1, 2012, Judge Shirdan-Harris sentenced the Appellant *in absentia*.[3]

On June 5, 2012, Judge Shirdan-Harris issued a bench warrant for the Appellant's arrest. The Appellant remained in absconder status for 363 days until he was arrested in King of Prussia at a traffic stop.[4] On June 7, 2013, at the Gagnon I hearing, Trial Commissioner Richard McSorley lifted the Appellant's arrest warrant but issued a detainer against him pending his Gagnon II hearing. On June 28, 2013, the Honorable Glynnis D. Hill, who assumed Judge Overton's case load, revoked the Appellant's probation and resentenced him to an additional five to ten years of concurrent incarceration for each case to run consecutively to the sentence that Judge Shirdan-Harris had imposed on June 1, 2012.[5]

On April 1, 2014, the Appellant filed a *pro se* Petition for Relief pursuant to the Post Conviction Relief Act (PCRA).[6] On August 19, 2014, Sharon Meisler, Esq. entered her appearance on behalf of the Appellant. On January 13, 2015, J. Matthew Wolfe, Esq. then entered his appearance on behalf of the Appellant. On January 14, 2015, Mr. Wolfe filed an Amended PCRA Petition, and on January 15, 2015, Ms. Meisler's representation was vacated. On April 1, 2015, the Appellant filed a *pro se* Amended PCRA petition. On October 30, 2015, the Commonwealth filed a Motion to Dismiss in response to PCRA counsel's Amended PCRA Petition. On January 29, 2016, Judge Hill granted the Commonwealth's Motion to Dismiss and reinstated the Appellant's direct appellate rights per attorney Wolfe's Amended PCRA request.

---

[2] Notes of Testimony dated June 28, 2013, p.8.
[3] Notes of Testimony dated February 6, 2006, p.17-24. Judge Shirdan-Harris sentenced the Appellant to 6-15 years for Burglary and Conspiracy – Burglary, and 5-10 years for Possession of a Firearm Prohibited to be served concurrently.
[4] Id.
[5] Notes of Testimony dated February 6, 2006, p.27.
[6] 42 Pa.C.S. § et. seq.

On February 26, 2016, the Appellant filed a Notice of Appeal to the Superior Court. On July 13, 2016, the Court ordered the Appellant to file a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On August 4, 2016, the Appellant filed his Statement alleging that:

> 1. The Lower Court erred in failing to provide the Appellant with written notice of the alleged violations of his violation of probation;
> 2. The Lower Court erred in failing to serve the Appellant with notification of the revocation hearing;
> 3. The Lower Court erred in failing to hold a Gagnon I hearing; and
> 4. The Lower Court erred in sentencing the Appellant without the benefit of a presentence investigation or presentence report or any evidence of the Appellant's conduct while on probation.

## II. FACTS

On March 30, 2004, the Appellant broke into a residence at 1225 N. Frazier St. belonging to Mary Stubblefield (Complainant) and took a variety of electronic items.[7] On October 26, 2004, the Appellant was taken into police custody, and the next day he admitted to burglarizing the residences of Mary Stubblefield (CP-51-CR-508941-2005), Clerence Smith (CP-51-CR-508951-2005), Kevin Hubbard (CP-51-CR-509121-2005), Laurie Dixon (CP-51-CR-509131-2005), Lyle Darden (CP-51-CR-509151-2005), Sylvia Downs (CP-51-CR-509161-2005), Angela Gaines (CP-51-CR-509171-2005), Lucy Brooks (CP-51-CR-509181-2005), Debra Gillison (CP-51-CR-509201-2005), and Kimberly Brown (CP-51-CR-509211-2005).[8] After admitting to the burglaries, he took the arresting officers to the residences where he had committed them.[9]

## III. DISCUSSION

I. **The Court did not fail to provide the Appellant with written notice of his alleged violations.**

---

[7] Philadelphia Police Department Arrest Report of Gregory Woods dated October 27, 2004.
[8] Notes of Testimony dated February 6, 2006, p.17-24.
[9] Philadelphia Police Department Arrest Report of Gregory Woods dated October 27, 2004.

The Appellant first contends that the Court failed to provide him with written notice of his probation violations relating to the cases for which Judge Overton sentenced him on February 6, 2006. This contention has no merit because the Appellant was provided with notice as part of the hearing.

Pa.R.Crim.P. 708 sets forth the procedures a judge is required to follow if a defendant violates his probation or parole. Rule 708(B) states: "whenever a defendant has been sentenced to probation or intermediate punishment or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been: (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole." Furthermore, under 42 Pa.C.S. § 9771(b), "the court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to that time spent serving the order of probation."

Although neither statute requires that an Appellant receive written notice of his alleged violations, the Pennsylvania Superior Court has held that Due Process requires that an Appellant receive written notice of alleged probation violations as part of his Gagnon II hearing. Commonwealth v. Stratton, 344 A.2d 636 (Pa.Super. 1975). In Stratton, the Superior Court held that the trial court's failure to show that the Appellant had received written notice about his alleged probation violations as part of the probation revocation hearing violated due process, and therefore, it reversed the Appellant's probation revocation and remanded the case for a new revocation hearing. Id. at 569.

4

However, in our case, unlike Stratton, the Appellant did receive written notice about his alleged probation violations. In our case, the Appellant received written notice in the Order of Sentence as part of his revocation hearing. The Order of Sentence sets forth the Appellant's probation violations. In this case, the Order notified the Appellant that the Burglary charge was a violation of his probations, and listed all of the linked sentences given by Judge Overton that he had violated. The Appellant's claim that he did not receive such notice is not supported by the record. Therefore, the Appellant's claim is without merit.

## II. The Court did not fail to serve the Appellant with notice about the revocation hearing.

The Appellant next contends that the Court erred by failing to serve him with notice about the revocation hearing. This claim also lacks merit because the Appellant was served with Notice about his June 18, 2013 Gagnon II hearing on June 7, 2013.

In Com. v. Davis, 336 A.2d 616, 620 (Pa.Super. 1975), the Pennsylvania Superior Court determined that Gagnon v. Scarpelli, 411 U.S. 778 (1973) requires that minimum due process be accorded to a probationer because revocation of probation entails a loss of liberty. Gagnon established that minimum due process required a two step revocation procedure: "a parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of a final revocation decision." Gagnon at 781-782. The Superior Court in Davis determined that "it will be convenient to refer to the 'preliminary hearing' to which a parolee or probationer is entitled as a 'Gagnon I hearing,' and to the second 'somewhat more comprehensive hearing' as a 'Gagnon II hearing.'" Davis at 620-621.

5

Minimum standards of Due Process require that an Appellant be given written notice about his revocation hearing prior to the actual hearing. Commonwealth v. Ziegler, 286 A.2d 26, (Pa. Super. 1981). In Ziegler, the record was silent as to whether the Appellant received written notice about his revocation hearing. Id. at 30. Therefore, the Superior Court reversed the Appellant's probation revocation and remanded the case for an evidentiary hearing to determine whether the Appellant received proper notice. Id.

In our case, the Appellant alleges that he was not served with notice about his revocation hearing. However, the record shows that the Appellant was, in fact, served with Notice on June 7, 2013 about his Gagnon II hearing, but he refused to sign the written notice. The Appellant was actually served with the Notice of NSJ Hearing eleven days prior to the hearing, but there is a handwritten note on the document indicating that he refused to sign. The Appellant cannot now argue that he was not properly notified about the hearing when he refused to sign the written notice. Moreover, the docket itself also reflects that on June 7, 2013, the Appellant was notified about his June 18, 2013 Gagnon II hearing date.[10] Therefore, the Appellant's claim that he was not properly notified about his revocation hearing is factually incorrect.

### III. The Court did not fail to hold a Gagnon I hearing.

The Appellant further claims that the Court erred by failing to hold a Gagnon I hearing. However, the Court held a Gagnon I hearing on June 7, 2013, when the Appellant was present.

When a probationer is detained pending a Gagnon II (or revocation) hearing, Due Process requires that a preliminary or Gagnon I hearing be scheduled to determine whether probable cause exists that a violation has been committed. Commonwealth v. Ferguson, 761 A.2d 613 (Pa. Super. 2000). At the Gagnon I hearing, the probationer is entitled to notice about the alleged

---

[10] Criminal Docket for CP-51-CR-0311411-2004, p.21.

probationary violations, an opportunity to appear and to present evidence on his own behalf, a conditional right to confront adverse witnesses, an independent decision-maker, and a written report of the hearing. Id. at 617. Where the Commonwealth has shown that there is probable cause to believe an Appellant committed a probation violation, a second hearing is required to determine whether a judge should revoke an Appellant's probation. Id.

Under 42 Pa.C.S. § 9771(d), "there shall be no revocation or increase of conditions of sentence…except after a hearing at which the court shall consider the record of the sentencing proceeding together with the evidence of the conduct of the defendant on probation." Under Pa. R. Crim. P. 708(B)(1), "the judge shall not revoke such probation…unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel." Both the Pennsylvania Rules of Criminal Procedure and the Pennsylvania Statute § 9771 require an initial hearing, which the courts refer to as a Gagnon I hearing.

In this case, the Appellant asserts that he was not given a Gagnon I hearing. This is incorrect. The Court held a Gagnon I hearing on June 7, 2013, and the Appellant was present for this hearing. The Criminal Docket for CP-51-CR-0508941-2004 shows that his Gagnon I Hearing took place on June 7, 2013 at 9:00am in room 888 before Trial Commissioner Richard T. McSorley. The Appellant, who had been in custody since May 30, 2013, was brought down for the hearing. Therefore, this claim is without merit.

## IV. The Court did not err in sentencing the Appellant without conducting a presentence investigation.

The Appellant's final issue is that the Court erred by sentencing the Appellant without a presentence investigation or report about the Appellant's conduct while on probation. This claim is disingenuous.

7

A sentencing judge who presides over a revocation hearing has discretion whether to order a presentence investigative report. Commonwealth v. Carillo-Diaz, 64 a.2d 722, 725 (Pa. Super. 2013). At the very least, the judge must have sufficient information about the Appellant's violations and character. Id. This requirement ensures that the Appellant is judged based on his violations, personal history, and background. Id. at 726. The information the judge considers could include a description of the offense and the circumstances surrounding it; a full description of any prior criminal record; a description of the Appellant's education and employment backgrounds; a social history; the Appellant's medical history; information about the environments to which the Appellant might return; supplementary reports from clinics, institutions, or other social agencies with which the Appellant has been involved; and recommendations regarding the sentence. Id.

Under Pa. Crim. P. 702(A)(1), "the sentencing judge [in a revocation matter] **may**, in the judge's own discretion, order a presentence investigation report" to familiarize himself with an Appellant's history. Nevertheless, this rule is not mandatory.

In this case, the court did not order a presentence investigative report because it was very familiar with the Appellant's personal and criminal history. On December 16, 2003, the Appellant was arrested and charged in an unrelated case.[11] Judge Hill presided over the waiver trial on July 21, 2004, and found the Appellant guilty of Criminal Mischief, Carrying Firearms in Public, and Carrying Firearms Without a License. On October 7, 2004, after reviewing a presentence investigative report, the court sentenced him to 3 years probation for Carrying Firearms in Public and Carrying Firearms without a License with no further penalty for Criminal

[11] MC-51-CR-1217611-2003. The Appellant was charged with Attempted Burglary, Carrying Firearms without a License, Carrying Firearms in Public, Criminal Mischief, Attempted Theft by Unlawful Taking, Criminal Trespass, and Criminal Conspiracy. All charges were held for court on March 31, 2004 and the case became CP-51-CR-0311411-2004.

8

Mischief. On October 27, 2004, the Appellant was arrested for the current Burglary case, and that case, along with the nine other cases, were adjudicated before Judge Overton. On February 10, 2006, Judge Hill then presided over the Appellant's violation of probation (VOP) hearing for his gun offenses and resentenced the Appellant to 11 ½-23 months incarceration followed by 2 years probation for Carrying a Firearm Without a License with no further penalty for Carrying Firearms in Public and Criminal Mischief.

At the June 28, 2013 VOP hearing for his gun offenses, the court heard from the Appellant, the Commonwealth's attorney, the probation officer, the defense attorney, and the Appellant's step-father. At this hearing, the Court learned that the Appellant had been gainfully employed, obtained a GED,[12] had a child on the way, had ill parents,[13] came from a poor economic background, and lacked resources.[14] The Appellant's probation officer[15] also suggested that the Appellant did not want to change.[16] Finally, the Commonwealth[17] argued that the Appellant was a smart and scheming criminal.[18] From all this information, the court was familiar with the Appellant's social, familial, criminal, employment, educational, and financial background as well as the recommendations made by his probation officer and the attorneys. Hence, even though the court did not order a presentence report for the revocation hearing, it was well familiar with the Appellant's background. Therefore, this last claim is also unpersuasive.

---

[12] Notes of Testimony dated June 28, 2013, p.14.
[13] Id. at p.16.
[14] Id. at p.24.
[15] James Kelly
[16] Id. at p. 17.
[17] Damoun Delaviz, Esq.
[18] Id. at p.20.

# CONCLUSION

The Appellant contends that the Court erred in four ways, but each contention lacks merit. The Appellant's first assertion that the Court erred by failing to provide him with written notice about his probation violations lacks merit because he received written notice about his violations in the Order of Sentence that was part of the June 28, 2013 revocation hearing. The Appellant's second contention that the Court failed to notify him about the revocation hearing lacks merit because (as the docket reflects) he was served with written notice on June 7, 2013 about the hearing. Moreover, the Appellant refused to sign the notice. The Appellant's third claim that the Court erred by failing to hold a Gagnon I hearing is disingenuous because (as the docket also reflects) the Court held a Gagnon I hearing on June 7, 2013. Furthermore, the Appellant was present at the Gagnon I hearing. Finally, the Appellant's assertion that the Court erred by sentencing him at the VOP hearing without the benefit of a presentence investigative report is not persuasive. A court is not required to order a presentence investigative report if it can make an informed decision without such a report. In our case, the Court was well familiar with the Appellant's overall social and criminal history, and oral reports were given at the bar of the court from a variety of individuals. For these reasons, this court respectfully submits that the Appellant's claims should be rejected.

By the Court,

_____
Glynnis D. Hill, Judge

10